UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERICH CARL HARPER, MWANGI KWESI, and ERIC JASON ORR,<br><br>    Plaintiffs,<br><br>v.<br><br>FULTON COUNTY, GEORGIA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Erich Carl Harper, Mwangi Kwesi, and Eric Jason Orr, by and through their undersigned counsel, respectfully submit this Complaint against Defendant Fulton County, Georgia for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. For their causes, Plaintiffs state as follows:

### Jurisdiction and Venue

1. This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

1

2. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. A substantial portion of the events giving rise to the claims herein occurred in this judicial district.

### The Parties

3. Plaintiffs are residents of the state of Georgia.

4. Defendant is a governmental body existing under the laws of the State of Georgia.

5. Defendant is subject to the personal jurisdiction of this Court.

6. Defendant may be served with process by serving Chairman Robb Pitts of the Fulton County Board of Commissioners, at 141 Pryor Street, SW, 10th Floor, Atlanta, GA 30303.

7. At all relevant times, Plaintiffs have been entitled to the rights, protections and benefits of the FLSA.

8. At all relevant times, Plaintiffs have been "employees" of Defendant's within the meaning of the FLSA.

9. At all relevant times, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA.

### Factual Allegations

10. Defendant employed Plaintiff Orr as a Director of Operations at the Wolf Creek Amphitheater beginning in December 2018.

11. Defendant employed Plaintiff Kwesi as an Operations Assistant at the Wolf Creek Amphitheater beginning in March 2019.

12. Defendant employed Plaintiff Harper as an Operations Assistant at the Wolf Creek Amphitheater beginning in May 2019.

13. In their roles, Plaintiffs were responsible for, among other things, preparing and organizing the Wolf Creek Amphitheater office facilities for operations.

14. During their employment, Plaintiffs worked more than 40 hours in most workweeks.

15. Although Defendant's offer letters to Plaintiffs explained that they would be employed in a "fee paid position" with an hourly rate, Defendant classified Plaintiffs as exempt from the FLSA's overtime requirements throughout their employment and paid Plaintiffs on a salary basis.

16. By paying Plaintiffs on a salary basis, Defendant did not pay Plaintiffs proper compensation for hours they worked that exceeded forty in a workweek.

17. Throughout the relevant time period, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

18. Throughout the relevant time period, Plaintiffs were not employed by Defendant in a bona fide executive capacity within the meaning of 29 U.S.C. § 213(a).

19. Throughout the relevant time period, Plaintiffs were not employed by Defendant in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213(a).

20. Throughout the relevant time period, Plaintiffs were not employed by Defendant in a bona fide professional capacity within the meaning of 29 U.S.C. § 213(a).

21. Throughout the relevant time period, Plaintiffs were not employed by Defendant in the capacity of an "outside salesman" so as to be exempt from the maximum hour requirements of 29 U.S.C. § 213(a).

22. At all times during the relevant time period, Plaintiffs did not exercise independent judgment and discretion in making significant business decisions on Defendant's behalf.

23. At all times during the relevant time period, Plaintiffs did not supervise employees.

24. Defendant was aware of the hours Plaintiffs worked for which it did not properly compensate them. Plaintiffs had many conversations and written communications with their supervisors and with human resources personnel about Defendant's failure to pay them overtime compensation.

25. Plaintiffs have given their written consent to join in this action under the FLSA. Their Consents are attached hereto as Exhibit 1 and are a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT I: Violation of the Fair Labor Standards Act

26. Plaintiffs re-allege paragraphs 1 through 26 above and incorporate them here by reference.

27. By engaging in the conduct described above, Defendant failed to pay Plaintiffs at a rate of pay not less than one and one half times their regular rates for all overtime work performed, in violation of 29 U.S.C. § 207.

28. Defendant's actions in failing to compensate Plaintiffs in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiffs.

29. As a result of Defendant's violation of the FLSA, Plaintiffs are entitled to recover their unpaid compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Take jurisdiction of this matter;
2. Grant a trial by jury as to all matters properly triable to a jury;
3. Issue a judgment declaring that Plaintiffs are covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;
4. Award Plaintiffs proper payment for each hour worked during their employment with Defendant, as well as liquidated damages;
5. Award Plaintiffs prejudgment interest on all amounts owed;
6. Award Plaintiffs costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

7. Award Plaintiffs reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

8. Award Plaintiffs such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury on all issues deemed so triable.

Dated: March 24, 2021    Respectfully submitted,

        By: /s/  Andrew Weiner
        Andrew Weiner, Bar No. 808278
        aw@wsjustice.com
        Jeffrey Sand, Bar No. 181568
        js@wsjustice.com
        WEINER & SAND LLC
        800 Battery Avenue SE
        Suite 100
        Atlanta, GA  30339
        (404) 254-0842
        (866) 800-1482 (f)

        Counsel to Plaintiffs